(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 1877CV01522

Jeanne Dennis, Renee Pelechowicz + Jill Mosher, Plaintiff(s)

v.

OCT 29 2018

Anna Jaques Hospital, Defendant(s)

## SUMMONS

To the above named Defendant: Anna Jaques Hospital

You are hereby summoned and required to serve upon Adam J. Shafran, plaintiff's attorney, whose address is Rudolf Friedmann LLP, 92 State St, Boston, MA 02109 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                , in the year of our Lord two thousand

TRUE ATTEST COPY
DEPUTY SHERIFF

Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                               SUPERIOR COURT    **COPY**

TRIAL DEPT. 1877CV01522A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jeanne Dennis, Renee Pelechowicz &
Jill Mosher

                Plaintiffs                    CIVIL ACTION NO.

vs.

Anna Jaques Hospital

                Defendants

FILED ESSEX SUPERIOR COURT 2018 OCT 17 A 10:09

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs Jeanne Dennis, Renee Pelechowicz and Jill Mosher (collectively "Plaintiffs") bring this action against their employer Anna Jaques Hospital ("Defendant"), upon information and belief, except as to their own actions, the investigation of their counsel, and facts that are a matter of public record, as follows:

## OVERVIEW

1. As described more fully below, Plaintiffs allege that the Defendant violated the Massachusetts Wage Act (M.G.L. c. 149, § 148) as a result of its failure to pay them 30 minutes of compensation for each day within the three years preceding the filing of this Complaint that Plaintiffs were not relieved of their work-related duties and worked through their 30-minute meal break.

2. Plaintiffs seek payment of all unpaid wages, statutorily mandated treble damages, attorneys' fees and costs, and prejudgment interest.

## THE PLAINTIFFS

3. Plaintiff Jeanne Dennis ("Dennis") is a resident of Danville, New Hampshire, and is employed by the Defendant in Newburyport, Massachusetts.

1

4. Plaintiff Renee Pelechowicz ("Pelechowicz") is a resident of Danville, New Hampshire, and is employed by the Defendant in Newburyport, Massachusetts.

5. Plaintiff Jill Mosher ("Mosher") is a resident of Lee, New Hampshire, and is employed by the Defendant in Newburyport, Massachusetts.

## THE DEFENDANT

6. Defendant Anna Jacques Hospital is a hospital located in Newburyport, Massachusetts.

## FACTUAL ALLEGATIONS

7. The Plaintiff Dennis has been employed as a registered nurse by the Defendant from approximately 2009 to the present in the hospital's psychiatric unit.

8. The Plaintiff Pelechowicz has been employed as a registered nurse by the Defendant from approximately 2005 to the present in the hospital's psychiatric unit.

9. The Plaintiff Mosher has been employed as a registered nurse by the Defendant from approximately 2012 to the present in the hospital's psychiatric unit.

10. For the three years preceding the filing of the complaint in this matter to the present, Plaintiff Dennis worked the overnight shift in the hospital's psychiatric unit.

11. From three years preceding the filing of the complaint in this matter until approximately September 2017, Plaintiff Pelechowicz worked the overnight shift in the hospital's psychiatric unit.

12. From three years preceding the filing of the complaint in this matter until approximately March 2018, Plaintiff Mosher worked the overnight shift in the hospital's psychiatric unit.

13. The overnight shift in the hospital's psychiatric unit runs from 11:00 p.m. to 7:30 a.m.

14. For the duration of each Plaintiff's employment on the overnight shift within the three years preceding the filing of the complaint in this matter through approximately mid to late September 2018, the Defendants deducted 30 minutes of pay from each Plaintiff's daily compensation for a so-called 30-minute meal break.

15. Thus, for each overnight shift that each Plaintiff worked within the three years preceding the filing of the complaint in this matter through approximately mid to late September 2018, the Defendant paid the Plaintiffs for 8 hours of work, even though the shift was 8.5 hours.

16. For the duration of each Plaintiff's employment on the overnight shift within the three years preceding the filing of the complaint in this matter through approximately mid to late September 2018, the Plaintiffs were not relieved of all work-related duties during their so-called 30-minute meal break.

17. Indeed, during this time frame the Plaintiffs performed all their general job duties for the entire 8.5-hour shift and would eat a meal "on the go."

18. In or about February 2018, Scott Casey ("Casey") began working as a registered nurse on the hospital's psychiatric unit overnight shift.

19. In or about mid-September 2018, a float nurse was added to the hospital's psychiatric unit for one overnight shift because the unit was abnormally acute that evening. The float nurse covered for a counselor on the single overnight shift because the hospital was unable to provide a counselor.

20. The additional float nurse allowed Casey to take a legitimate 30-minute meal break (i.e. 30 minutes of time during which he was completely relieved of all work-related duties).

21. Upon taking a legitimate 30-minute break, Casey realized that the overnight shift nurses should have been receiving 30 minutes of pay for all "meal breaks" that they worked through and had not been relieved of their work-related duties.

22. As a result, Casey went and spoke with the hospital's Human Resources Department about the issue.

23. Thereafter, Casey and Dennis were informed by Mary Jewell ("Jewell"), the hospital's Director of Psychiatric Services, that going forward all overnight nurses in the hospital's psychiatric unit would be allowed to take a legitimate 30-minute break (i.e. relieved of all work-related duties), and that they would be paid for the full 8.5 hour shift if they did not take a legitimate 30-minute break.

24. During their conversation, Jewell also acknowledged to Casey and Dennis that the hospital's psychiatric unit overnight nurses had not received legitimate 30-minute meal breaks in the past because they were not "unencumbered" (i.e. the Plaintiffs were not relieved of all work-related duties), and that the hospital was consulting with its attorneys to calculate the back pay owed to the nurses, but that it was complicated because the nurses had received different hourly rates over the previous three years.

25. As of the date of the filing of this Complaint, the Plaintiffs have not been paid for any so-called "30-minute meal breaks" that they worked through and were not relieved of their work-related duties within the three years preceding the filing of this complaint through approximately mid to late September 2018.

### COUNT 1
### Violation of M.G.L. c. 149, § 148 (The Massachusetts Wage Act)

26. Plaintiffs re-allege and incorporate by reference ¶¶ 1-25 above as if fully set forth herein.

27. By its conduct as set forth herein, the Defendant has violated M.G.L. c. 149, § 148.

28. The Defendant is liable for the full amount of the Plaintiffs unpaid wages, treble damages, plus interest and their reasonable attorney's fees and expenses.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendant as follows:

A. A judgment and order awarding Plaintiffs their unpaid wages;

B. A judgment and order requiring the Defendant to pay the Plaintiffs all statutorily mandated treble damages;

C. A judgment and order requiring Defendant to pay the Plaintiffs their reasonable attorneys' fees and the costs of this action;

D. A judgment and order requiring the Defendant to pay all legal interest permissible; and

E. Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

Respectfully submitted,

Jeanne Dennis, Renee Pelechowicz,
and Jill Mosher

By their attorney

---

Adam J. Shafran) BBO#670460
ashafran@rflawyers.com
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)

5

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>1877CV01522 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Jeanne Dennis et al vs. Anna Jaques Hospital | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Anna Jaques Hospital | | COURT NAME & ADDRESS<br>Essex County Superior Court - Salem<br>J. Michael Ruane Judicial Center<br>56 Federal Street<br>Salem, MA 01970 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/15/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 02/14/2019 | |
| All motions under MRCP 12, 19, and 20 | 02/14/2019 | 03/18/2019 | 04/16/2019 |
| All motions under MRCP 15 | 02/14/2019 | 03/18/2019 | 04/16/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 08/13/2019 | | |
| All motions under MRCP 56 | 09/12/2019 | 10/15/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/10/2020 |
| Case shall be resolved and judgment shall issue by | | | 10/16/2020 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to Session "A" in Salem Superior Court

| DATE ISSUED<br>10/19/2018 | ASSISTANT CLERK<br>Carlotta Patten | | PHONE<br>(978)825-4800 |
|---|---|---|---|

Date/Time Printed: 10-19-2018 15:45:31                                                                SCV026\ 08/2018